514    APPELLATE COURTS OF ILLINOIS.

Richard v. Brunner Foundry & Machinery Co., 203 Ill. App. 514.

## Albert Richard, Appellee, v. Brunner Foundry & Machinery Company, Appellant.

### Gen. No. 6,183. (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. ED-GAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed October 12, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Albert Richard, plaintiff, against Brunner Foundry & Machinery Company, defendant, to recover damages for injuries to plaintiff's right eye. From a judgment for plaintiff for $5,000, defendant appeals.

Plaintiff was employed as a fireman in the boiler room of the St. Paul Coal Company, where defendant was engaged in putting in new flues in a boiler adjoining the one on which plaintiff was at work. Defendant's employees were engaged in expanding a new flue by hammering on the head of a steel driftpin so as to drive it into the expander. Plaintiff's eye was injured by a piece of the head of the pin flying off when it was struck by the hammer in the hands of defendant's employee.

McDOUGALL & CHAPMAN and HOWARD H. BAYNE, for appellant.

DUNCAN & O'CONOR, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 697*—*when evidence sufficient to show injury to servant by inexperienced coemployee.* Evidence in an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

action by an employee for personal injuries, *held* to tend to show plaintiff's injury was caused by improper or careless handling of a hammer by defendant's employee and that he was inexperienced in that line of work.

2. DAMAGES, § 186*—*when evidence as to possible results of injury is inadmissible.* Evidence as to possible results of plaintiff's injury to his right eye and its possible effect on his other eye, *held* incompetent and properly excluded in an action to recover damages for such injury.

3. DAMAGES, § 244*—*when admission of improper evidence is harmless error.* In an action for damages for personal injuries, *held* that the improper admission of evidence as to the possible results of the injury was harmless error where there was nothing to show that the jury considered or were influenced by such evidence in finding for the plaintiff.

CARNES, J., dissenting.